```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                              :
RANDY McDOWELL,               :
                              :
            Plaintiff,        :   Civ. No. 21-15562 (NLH)(AMD)
                              :
      v.                      :
                              :
DAMON G. TYNER,               :   OPINION
                              :
            Defendant.        :
_____:

Appearance:

Randy McDowell
280633
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

    Plaintiff pro se

HILLMAN, District Judge

   I.   INTRODUCTION

   Plaintiff is a state pretrial detainee currently lodged at the Atlantic County Justice Facility in Mays Landing, New Jersey. He is proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding with his complaint in forma pauperis.

   At this time, this Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

II. BACKGROUND

Plaintiff's allegations in his complaint are construed as true for purposes of this screening opinion. Plaintiff sues one Defendant, namely Damon G. Tyner – prosecutor of Atlantic County, New Jersey.

Plaintiff states Tyner is the "overseer" of all cases that come through the Atlantic County Prosecutor's Office. See ECF No. 1 at 4. Plaintiff alleges Tyner has violated his oath to uphold the law and has abused his power. See id. Plaintiff seeks only injunctive relief, namely that this Court conduct an "overview" of his state criminal case. See id. at 5.

III. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions. See 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is

2

frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).  That standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit.  To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible.  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678).  "[A] pleading that

3

offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. See Haines v. Kerner, 404 U.S. 519 (1972).  Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the

4

alleged deprivation was committed or caused by a person acting under color of state law.  See Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); see also West v. Atkins, 487 U.S. 42, 48 (1988).

IV.  DISCUSSION

This Court construes Plaintiff as suing Tyner for malicious prosecution.  A plaintiff needs to allege the following when bringing a malicious prosecution claim:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007).  In this case, Plaintiff admits that his state criminal proceedings are ongoing.  Thus, he fails to allege that the criminal proceedings ended in his favor.  Accordingly, he does not state a malicious prosecution claim with the required facial plausibility.[1]

V.  CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon

---

[1] Because Plaintiff is only seeking injunctive relief, any possible prosecutorial immunity is not an issue in this case. See Blakeney v. Marsico, 340 F. App'x 778, 779 (3d Cir. 2009).

5

which relief may be granted.[2]  An appropriate order will be entered.


Dated: September 29, 2021           s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[2] Because any possible amendment to Plaintiff's complaint would be futile at this time, Plaintiff shall not be given leave to file an amended complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

6